## JONAS U. GROVE

### v.

## JONATHAN R. MILES.

1. VENDOR AND PURCHASER—*right of the former to enforce payment against the property.* A and B entered into a written agreement, by the terms of which the former agreed to sell to the latter one-half of certain mill premises, in consideration of which the latter agreed to furnish all necessary machinery, complete, in the mill then erected on the premises, for the running of three sets of stones. B furnished a part of the money required to complete the mill as agreed upon, the remainder being furnished by A, who was authorized by B to pay out money for machinery and labor in the further prosecution of the work, the same being conducted under the direction of B: *Held*, A could maintain a bill to subject the premises to sale for the amount paid by him, above the sum B had paid,

necessary to complete the mill according to the terms of the agreement, upon the principle which permits a vendor to file a bill to subject to sale land sold for the unpaid purchase money—the amount so expended by him being regarded as unpaid purchase money.

2. CONSTRUCTION *of the contract.* The phrase in the agreement "in consideration of machinery to be furnished, complete, in the mill," included not only the cost of the machinery, but the labor and material necessary to place it in proper position for use.

3. EVIDENCE—*receipts from third persons.* In adjusting the accounts between the parties, receipts taken by A from various persons engaged in the work for money he paid them for their work were regarded as proving nothing, in themselves, against B, as they neither constituted evidence of the value of the work, nor where nor for whom performed.

WRIT OF ERROR to the Circuit Court of Macoupin county; the Hon. EDWARD Y. RICE, Judge, presiding.

Messrs. RINAKER & WELCH, for the plaintiff in error.

Mr. JOHN M. PALMER, JR., for the defendant in error.

Mr. JUSTICE THORNTON delivered the opinion of the Court:

The parties to this suit, entered into a written agreement, by the terms of which Miles agreed to sell to Grove, one-half of certain mill premises, in consideration of furnishing all necessary machinery, complete, in the mill then erected, for the running of three sets of stones.

Plaintiff in error furnished $7400, and it is averred in the bill that the completion of the mill, as agreed upon, cost $12,411.70. The bill was filed to subject the premises to sale, for the difference.

The court below rendered a decree for $3,655.20, and in default of payment, ordered that the premises be sold.

It is contended by counsel for plaintiff in error, that the bill ought not to be sustained.

We do not think the position tenable. The bill can properly be maintained, upon an old and familiar principle, which permits a vendor to file a bill to subject to sale, land sold, for the unpaid purchase money. The premises were sold, in consideration of machinery to be furnished, complete,

in the mill. This includes, not only the cost of the machinery, but the labor and material necessary to place it in proper position for operation. The necessary cost of this work, above the amount paid, should be paid by plaintiff in error. We think it may fairly be regarded, as unpaid purchase money.

We can not undertake from the record, to adjust the accounts between the parties, and we are not satisfied as to the correctness of the decree. The case does not seem to have been intelligibly presented, and we think it is best that there should be a re-adjustment.

If the cost of the machinery and labor, to be furnished and performed by plaintiff in error, be correct according to the evidence and vouchers of the defendant in error, then the decree is manifestly for too small an amount. It could not, by any computation, be less than $4000.

If the cost of the completion of the mill, according to the agreement, ought not to exceed the amount of $8,855.62, as testified to by several witnesses, then the amount of the decree is clearly too large. It is therefore wholly uncertain, upon what basis the decree was made.

Without more proof, the court was not justified in fixing the expenditure at $12,000, and over. Included in that amount was about $4000, for work and labor, exclusive of machinery and material. This was ascertained from the receipts of various persons, for work on the mill, as presented by defendant in error. These receipts were taken by Miles, and in themselves prove nothing whatever against Grove. They are neither evidence of the value of the work, nor where nor for whom performed. The only persons whose receipts were shown, who were called as witnesses, were Stevens and Marty. Neither of them testify that their receipts were correct. Miles testified generally, that the cost of the completion of the mill was over $12,000. It is, however, apparent, that his evidence was of a random character, for he fortifies himself, by a long account, sustained by vouchers of the kind indicated. The

court should have required more strict and certain proof of the account, before the rendition of any decree.

The proof was wholly insufficient. Property is poorly protected, when it can be sold by virtue of a decree, based upon such meagre proof.

There is also evidence, tending to show, that machinery for four sets of stones, was put in the mill. The obligation of Grove, was for machinery for three sets only. This additional expenditure, outside of the agreement, must have been included in the account of defendant in error.

This should not have been allowed. It was in violation of the writing between the parties, and there is no proof of any subsequent agreement, by which Grove assented to the extra machinery.

It is also assumed by counsel for plaintiff in error, that Miles paid his money voluntarily, and without the knowledge or direction of Grove, and that he can not thus make him his debtor. The voluntary payment of the debt of one, by another, will not create the relation of debtor and creditor.

We can not make an application of the principle to this case.

These parties made a written agreement for the completion of the mill. The work commenced and progressed, for some time, under the superintendence of one Brooks, who had been imployed by Grove. For some cause Brooks ceased any further connection with the work, in March, 1868. After that, though Grove did not give personal attention to the work, there was evidence tending to show that he directed its further prosecution, and authorized Miles to pay out money for machinery and labor.

We forbear further comment on the evidence, as the case must be remanded for a rehearing.

The decree is reversed and the cause remanded.

*Decree reversed.*